IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10CV61-03-MU

| | |
|---|---|
| JULIUS C. COX, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>(FNU) SMATHERS, Correctional )<br>  Officer at Alexander Cor- )<br>  rectional Institution, )<br>    Defendant. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. §1983, filed May 5, 2010.

At the outset, the Court notes that it is authorized to conduct an initial review of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court further acknowledges its obligation liberally to construe pro-se pleadings as explain-ed in Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, such obligation does not relieve a plaintiff of his/her duty to assert a claim cognizable within the jurisdiction of the district court and upon which the court can grant relief. See Brock v. Carroll, 107 F.3d 241, 242-43 (4th Cir. 1997) ("whatever purposes the complaint form might serve, it does not . . . create upon the district court an obligation to sua sponte raise and address any and every claim that might arguably be presented by the facts as presented"); and Beaudett v. City Hampton, 775 F.2d 1274, (4th Cir. 1985) (district Court is not required to develop tangential claims from scant assertions in complaint). Nor does it mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a federally cognizable claim. See Weller v. Department of Social Servs.,

901 F.2d 387 (4th Cir. 1990). With these principles in mind, the Court has conducted an initial review of this matter and determined that once again, Plaintiff's Complaint must be <u>dismissed</u>.– albeit, without prejudice.[1]

Plaintiff is an inmate at the Alexander Correctional Institution. According to the Complaint, on February 5, 2010, Plaintiff's back was injured when Defendant Smathers closed a sliding door on him. Plaintiff further alleges that he reported the incident to Sergeant Caraway who sent Plaintiff to medical to get checked out. Plaintiff alleges that while in medical one nurse did not want to give him any pain medication, but another nurse did give him Ibuprofen. When asked if the nurse put him on the list to se the doctor, she told Plaintiff "to leave." (Complaint at 3.) Plaintiff contends that he kept putting in sick call requests to see the doctor. On March 25, 2010, Plaintiff saw Nurse McCray who said he would put Plaintiff on the list to see the doctor. Plaintiff alleges that he did not see Dr. Dawkins until April 19, 2010. Plaintiff showed the doctor where he was hurting but Dr. Dawkins told Plaintiff he could not do anything for him. Plaintiff states that he did not get any medication or even an x-ray. (Complaint at 4.) As relief, Plaintiff aks for "a fill investergation done on this matter and compocent for my suffering and for Dr. Dawkins for denying [him] medical treatment and for refeulsing me to have an x-ray ad for him denying me some medication for my pains." (<u>Id</u>.)

Plaintiff has indicated on his form Complaint that he appealed his grievance to the highest level possible in the administrative procedure. Indeed, he notes that on March 19, "they said that they reviewed my concern and the response in #23 no further action necessary." (Complaint at 2.) Petitioner is mistaken as the response he cited as being the "highest level

---

[1] This is Plaintiff's second lawsuit on these facts. The first, filed on March 17, 2010, was dismissed without prejudice for failure to exhaust. (See 5:10cv34).

possible" was his step two response in the three step administrative grievance process. Indeed, the Court has reviewed a copy of the grievance Plaintiff submitted with his Complaint and notes that on April 9, 2010 Petitioner appealed the response to his step one grievance to step two. The step two response is the response Plaintiff indicated on his form-Complaint as the highest level appeal possible. Specifically, the step two response was "I have reviewed your concern and the response in #23 adequately addresses your concern. No further action necessary." However, this response is not the final step in the exhaustion procedure. Indeed, Petitioner's own grievance form indicates that Petitioner checked the box to appeal this response to step three on April 29, 2010. However, no such response is included with Plaintiff's grievance forms. Plaintiff filed this lawsuit on May 5, 2010 and did not include a response from the Secretary of the DOC which would be his final step in the three step appeal process within the North Carolina Department of Corrections. Therefore, it appears on the face of Plaintiff's Complaint and his grievances attached to his Complaint that Plaintiff still has not fully exhausted his administrative remedies.

The Prison Litigation Reform Act of 1995 mandates that "no action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhaust-ed." 42 U.S.C. § 1997e(a). Thus, it is axiomatic that exhaustion is mandatory and unexhausted claims cannot be brought in federal court. Woodford v. Nqo, 548 U.S. 81, 85-89 (2006). A prisoner's failure to exhaust his administrative remedies is an affirmative defense; therefore, the prisoner does not have to specially plead or demonstrate exhaustion in his complaint. Jones v. Bock, 549 U.S. 199, 211-12 (2007). Nevertheless, a court may dismiss a prisoner § 1983 action on initial review, when it is apparent from the face of the complaint that the prisoner has not exhausted administrative

remedies.  See Anderson v. XYZ Correc-tional Health Services, 407 F.3d 674, 678-83 (4th Cir. 2005) (noting that 42 U.S.C. § 1997(e)(c)(2) "clearly contemplates the dismissal on the merits of some claims that have not been ex-hausted"; and that while failure to exhaust is an affirmative defense, that fact does not "foreclose in all cases the possibi-lity of a sua sponte dismissal on exhaustion grounds.").

Plaintiff's Complaint and attached grievance make it clear that his allegations have still not been exhausted; therefore, the Court cannot exercise jurisdiction over these matters.  42 U.S.C. § 1997e(a).  Accordingly, the instant Complaint must be dismissed without prejudice.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice.**

**SO ORDERED.**

Signed: May 12, 2010

Graham C. Mullen
United States District Judge